IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARLEIGH D. CALAME,

        Plaintiff,

vs.

        Case No. 05-1211-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

      This Social Security matter is before the court on the motion to remand of the defendant, who seeks a remand under sentence six of 42 U.S.C. § 405(g). Defendant submits that a remand should issue in light of the Appeals Council's conclusion that the matter should be submitted to an Administrative Law Judge (ALJ) for additional proceedings. Specifically, the ALJ would be required to (a) fully evaluate all of the reports of treating medical sources, specifically those of Drs. Fowler and Vicker, as well as Ms. Voth; (b) fully evaluate the claimant's credibility in a manner consistent with 20 C.F.R. §§ 404.1529, 416.929 (2005) and SSR 96-7p; and (c) obtain any additional vocational testimony required by this further evidence, in response to clearly worded hypothetical questions which represent the residual functional capacity.

      Sentence six of 42 U.S.C. § 405(g), states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to

the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

Plaintiff responds by arguing that the defendant has failed to show the necessary good cause for a sentence six remand, and argues that any remand should be submitted pursuant to sentence four. The court finds that a sentence six remand is appropriate. Under § 405(g) sentence six, the request for remand is subject to different standards of review based on when the request is made. *See Hoffman v. Chater*, No. 94-4183-RDR, 1995 WL 522891 (D. Kan. 1995) (noting two different forms of sentence six remands). If the request is made after the initial Answer, the burden is much more substantial. There must be a showing of the existence of new evidence, a showing that the new evidence is material, and a demonstration that additional good exists cause for failing to include the evidence in the record originally. In contrast, if the motion for remand is filed prior to the Answer, a sentence six remand may issue for any good cause shown. Here, the defendant's request satisfies that burden by showing the benefit to be gained from further attention to the three specific fact questions identified therein.

The case will be remanded for the purposes stated in defendant's motion. Consistent with sentence six, the court will retain jurisdiction until the post-remand proceedings are completed and the Commissioner has filed the results with the court.

IT IS ACCORDINGLY ORDERED this 27th day of March, 2006, that the defendant's Motion to Remand the action pursuant to 42 U.S.C. § 405(g) sentence six (Dkt. No. 8) is hereby granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE.